# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| TRINA S. STERLING, | : | Bankruptcy No. 07-12656DWS |
| | : | |
| Debtor. | : | |
| In re | : | Chapter 13 |
| | : | |
| TRINA S. STERLING, | : | Bankruptcy No. 05-39423DWS |
| | : | |
| Debtor. | : | |

# ORDER

**AND NOW**, this 24th day of January 2008, upon consideration of the Applications for Compensation filed by Jermaine Harris ("Harris") in connection with his services in case numbers 05-39423 ("05 Case" and "05 Application") and 07-12656 ("07 Case" and "07 Application");

**And** after a hearing on July 31, 2007[1] at which I found the following: (1) Harris received a $2,200 payment in the 05 Case which was filed on December 4, 2005 and dismissed on April 5, 2007 on a Trustee's motion for failure to make plan payments; (2) Harris failed to file a fee application in that case; (3) Harris was ordered to file a fee

---

[1] The show cause hearing was necessitated by the Debtor's statement at a hearing at which Harris sent a surrogate to represent the Debtor, that she had paid Harris $4000 for his services. Scrutiny of the docket in the 05 Case reflected no fee application filed.

application in connection with the 05 Case and did so on August 3, 2007;[2] (4) Harris received a $2,000 payment in the 07 Case which was filed on May 4, 2007; (5)) the Chapter 13 plan in the 07 Case has been confirmed and Harris seeks approval of another $2000 fee for which he has already been paid;

**And** the Court advising Harris that he would not be penalized this time for failing to file the 05 Application but each application would be reviewed on its merits;

**And** the Court having reviewed the files[3] in the 05 and 07 Cases to determine whether total compensation of $4000 for these back-to-back cases is reasonable and concluding that the fee is excessive for the services provided;[4]

---

[2] As Harris erroneously filed the 05 Application in the 07 Case (apparently misunderstanding my advice that he did not have to reopen that case to file the application), it lay dormant as the Clerk believed it to be the application for the 07 Case that would not be reviewed until confirmation. Upon confirmation, it was sent to me, and I asked the Clerk to check for and send to me any 07 Application which was done. I am docketing this Order in both cases.

[3] I shall take judicial notice of the docket entries in these cases. Fed.R.Evid. 201, incorporated in these proceedings by Fed.R.Bankr.P. 9017. See <u>Maritime Elec. Co., Inc. v. United Jersey Bank,</u> 959 F.2d 1194, 1200 n.3 (3d Cir. 1991). While a court may not take judicial notice sua sponte of facts contained in the debtor's file that are disputed, <u>In re Augenbaugh</u>, 125 F.2d 887 (3d Cir. 1942), it may take judicial notice of adjudicative facts "not subject to reasonable dispute ... [and] so long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority." <u>In re Indian Palms Assoc.</u>, 61 F.3d 197, 205 (3d Cir. 1995)(citing Fed.R.Evid. 201(f) advisory committee note (1972 proposed rules).

[4] In the 07 Case Harris did not attempt to quantify the time he spent on any specific service, treating the $2000 request as an application under Local Rule 2016-2 (short form application) . However, the back-to-back nature of the cases suggests that many of the services might take less time. Indeed they did since it appears Harris merely took documents from the last case and refiled them. His Schedules are the same documents filed in the 05 Case with the exception of Schedules I and J. He failed to disclose the 05 Case on the petition, most likely because he used the same petition as filed in the 05 Case. Each other Schedule is identical to same one filed in the prior case. As evidenced by ¶1 (no 2006 information), ¶4 (information not within one year) and ¶9 (omission of the 2007 retainer), the Statement of Financial Affairs is the same document as filed in the 2005 Case. These answers should have changed with the passage

(continued...)

**And** the Court also finding that the Application misstates the amount Debtor paid for the 2007 Case as $1500 when the Debtor and the Rule 2016 disclosure state she paid $2000;[5]

It is hereby **ORDERED** that Harris will be awarded a total fee of $3500 for the 05 and 07 Cases. As he has been paid $4000 (exclusive of filing fees), he will disgorge $500 to the Debtor by February 6, 2008. Upon payment, he will file (with a copy to Chambers) a certification attaching a copy of the payment advice evidencing compliance with this Order.

_____
DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

---

[4](...continued) of time. The Form B22 merely copies the same gross income as used in the 2005 Case even though the Debtor lost her job in February 2007 and began a new job at a different salary in April 2007. Finally the quality of his efforts for Debtor were less than stellar. As noted at the July 31, 2007 hearing, Harris had to file an expedited hearing in Case 07 to consider the Debtor's motion to extend the automatic stay because he had subordinated his client's interests to his own.

[5] After giving Harris a pass on his failure to file an Application to cover the $2000 he charged Debtor in the 05 Case, one would have thought the 2007 Application would have been done correctly. Since he was paid up front the full two fees and his compensation is being approved after the payment, the disclosure of the amount paid is more than a clerical error. It bears on the disgorgement that I will order.